IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Scott A. Youngblood,<br><br>               Plaintiff,<br><br>vs.<br><br>One World Technologies, Inc.,<br><br>               Defendants. | Civil Action No. 8:07-1301-HFF-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In his Complaint, the plaintiff alleges that the defendant interfered with his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. and breached its employment contract with him regarding the number of allowable absences under the defendant's *Associate Handbook*. The defendant has moved to dismiss the plaintiff's second cause of action for breach of contract.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment cases are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

The plaintiff claims that his employment with the defendant was terminated in violation of the FMLA and in breach of the contract implied by the defendant's *Associate Handbook*. Between September 17, 2004 and September 21, 2005, the plaintiff was absent approximately eighteen days. Some of those absences either qualified, or were

treated, as FMLA leave. On September 23, 2005, the plaintiff's employment was terminated for excessive absences.

## APPLICABLE LAW

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

The defendant seeks dismissal of the plaintiff's second cause of action – breach of employment contract. In that claim, the plaintiff contends that the defendant's *Associate Handbook* constituted a contract insofar as it included an attendance policy, which guaranteed a certain number of allowable absences over a 12-month rolling period. The plaintiff complains that, to the extent his employment was terminated for excessive absences, the contract manifested in the handbook was breached because he did not exceed the number of absences allowed under it.

Relying on *Dockins v. Ingles Markets, Inc.*, 413 S.E.2d 18 (S.C. 1992), the defendant argues that the plaintiff's contract claim should be dismissed because, in the FMLA, she has already been afforded "a remedy for infringement of that right." *Id*. at 19. It is true that *Dockins* expressly limits claims for wrongful discharge in violation of public policy to situations where no statutory remedy is otherwise available. *See id. Dockins, however,* is inapposite, in this case, for two reasons.

First, *Dockins* concerned a wrongful discharge claim based on a violation of public policy and not a breach of contract claim in the nature of the one pled here, and recognized

in *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 697 (S.C. 2005); *Conner v. City of Forest Acres*, 560 S.E.2d 606, 610 (S.C. 2002) ("[W]here the at-will status of the employee is altered by the terms of an employee handbook, an employer's discharge of an employee may give rise to a cause of action for wrongful discharge"); and *Small v. Springs Indus., Inc.*, 292 S.C. 481, 357 S.E.2d 452 (1987).   The wrongful discharge claim in *Dockins* is, therefore, a tort at common law, fashioned by the Courts, which is properly made unavailable when a statutory remedy is available to vindicate that same and specific right.

By contrast, the wrongful discharge claim for breach of contract recognized in *Small* and its progeny is based on the existence of a contract, implied-in-fact, and not a common law tort.  The Court is unaware of any decision under South Carolina which limits the plaintiff's ability to pursue a wrongful discharge claim based in contract simply because there exists a statutory remedy securing the same right.

But even if the rule in *Dockins* or a comparable one is applicable to the plaintiff's breach of contract claim, the Court still believes that the defendant's motion should be denied because the FMLA does not provide any remedy for the wrong alleged by the defendant in his second cause of action.  Specifically, the plaintiff has expressly based his second cause of action upon a general and non-FMLA related attendance policy.  The Complaint avers that the "Defendant's attendance policy provides that employees get a certain numbers of days off in any rolling twelve month period" and that any FMLA leave taken by the employee during that same period does not count against those allowable absences.  (Compl. ¶ 14.)  The plaintiff then alleges, in his Complaint, that

> the total number of days or occurrences or absences during the twelve months prior to his termination, **minus any absences that were for FMLA leave, or for sick leave,** did not rise to the level of absences that would warrant termination pursuant to the employers Associate Handbook and attendance policy.

3

(Compl. ¶ 15.)  Accordingly, the plaintiff expressly predicates his breach of contract claim on his belief that the accumulation of non-FMLA leave, of its own, did not rise to a level which justified termination of his employment by the terms of the *Associate Handbook*.  In the Complaint, FMLA leave is specifically excluded.  *Id*.  As far as the Court is aware, the FMLA does not provide any remedy for a right in absences which are not a creature of the FMLA itself.  In the language of *Dockins*, the FMLA simply does not afford "a remedy for infringement of that right" of which the plaintiff complains.  *Dockins*, 413 S.E.2d at 19.  *Dockins,* by its own terms therefore, would not prohibit the plaintiff's claim.  Moreover, there is no allegation by the defendant, and the Court is unaware of any decision, that the FMLA, under these circumstances, so occupies the field of issues related to employee attendance, generally, that it would bar a state law claim in regards to *non*-FMLA leave; in other words, that it has preemptive force on this matter.

Further, the decision of the Honorable Margaret B. Seymour, attached to the defendant's motion to dismiss, is not controlling. (Mem. Supp. Mot. Dismiss, Ex. 1.)  In that case, the plaintiff's breach of contract claim was based specifically upon an FMLA provision of the employer's handbook.  *Id*. at 3-4.  Judge Seymour rightly concluded that the breach of contract claim was "duplicative" of remedies which were already available to the plaintiff under the FMLA.  *Id*. at 5.  Such is not the case here.  The plaintiff has not only based his claim on a general absence provision of the *Associate Handbook* but has gone to the added specificity, in his Complaint, of excluding FMLA leave from consideration.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss should be DENIED.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

October 12, 2007<br>
Greenville, South Carolina

4